The next case up is Santiago v. United Technologies. And when Mr. Gowdy is ready, we'll begin the argument in that case. Mr. Gowdy appearing for the appellants. Thank you, your honor. May it please the court, Brian Gowdy for the appellancy of Cynthia Santiago. I will talk for about two minutes focusing on the phrase, any action brought under state law as used in section 9658. Though I welcome the panel interrupting me, I wanted you to know that after these two minutes, I will wait for questions before making any additional arguments. Phrases have different meanings in different contexts. A crane is running has one meaning at a zoo and a different meaning at a construction site. Context changes meaning. The same is true for the phrases action brought under state law or an action arising under federal law. In the context of the jurisdictional statute, Justice Holmes construed an action as arising under federal law if federal law created the action. The district court and the 8th circuit mistakenly applied this formula. In contrast, in the context of article 3, Chief Justice Marshall taught us that an action arises under a body of law if that law forms any ingredient of the action. If this were the proper formula, then the estate's Price-Anderson action, which clearly has some state law ingredients at the very least, would be an action brought under state law. But in this section 9658 context, neither Justice Holmes nor Chief Justice Marshall supplied the correct test. Instead, an action is brought under state law if the substantive rules for decision are state law, whether the action is created by state or federal law, whether it has a federal ingredient or not. And in this Price-Anderson action, like an FTTA action, it is brought under state law even if it arises under federal law in the jurisdictional context. I thought I wanted to pause there before moving on to any other points in case the panel had questions. Okay. Proceed, Ken. All right. And I think it is important to make the analogy between a Price-Anderson action and an FTCA action. In both of these actions, while there are some aspects of the laws that displace or suspend or supersede state law, they also largely adopt state law as federal law and preserve state law. The defendant below recognizes this in its own notion for some reason. This is Judge Marcus. It preserves state law only insofar as it is not inconsistent with the federal law. Is that not correct? Yes, I agree. And that's a basic principle preemption in any context, and it applies here. And I think you have to look at the substance of this cause of action. And it is, as the various circuit courts have recognized, largely driven by state law. In fact, here, in the complaint, there was pled negligence and trespass claims under Florida common law. And the defendant below said that these claims under Florida common law were indistinguishable from the Price-Anderson claim. And that was their basis for arguing for the four-year limitations period under Florida law. And that's at docket entry 328, page 9. Well, so if the action, if the substantive rules for decision are governed by state law, if the Florida common law is indistinguishable from the Price-Anderson claim, and if we're looking at the Florida statute of limitations, why then would we exclude a statute like section 9658 that was expressly adopted to preempt, in part, the Florida statute of limitations? As we point out in our brief, the law of the state must include only valid state law. And I believe that's largely uncontested in the briefing. And therefore, for all the reasons we've argued in the brief, the 9658 should apply. Now, I didn't want to, if the panel doesn't have any other questions, I didn't want to... I have a question. This is Judge Marcus. Could Congress strip the state courts of jurisdiction over a state law issue? And hand that issue of state law over to the federal courts without running into some constitutional problems? Well, this has been brought up in some of the other circuit court cases that are cited in the brief, Judge Marcus. And I think the answer to that is yes, with this caveat. And this is how it was done in the Price-Anderson Act. Congress needs to adopt state law as federal law. And that is what Congress did with the Price-Anderson Act. And it's done it with the Federal Tort Claim Act. I also think it's done it with the Foreign Sovereign Immunities Act. And so if Congress does that, then yes, it can strip the state courts of jurisdiction effectively. So yes, I think that can be done. If Congress does not adopt the state law as federal law, then it becomes, I think, problematic under Article 30, because there has to be at least some federal law ingredient. Of course, here, Congress didn't adopt in a wholesale fashion all of the state law, did it? Yes, it did, except to the extent that it was inconsistent with federal law. So the answer to my question would be no. Well, it's not wholesale. It's only insofar as it is consistent with the other parts of the Act. Well, I mean, I don't want to quibble with Your Honor whether the answer is yes or no, but I think what I would try to point out is what you just said is true for every preemption case, every time we're talking about federal and state law. You can never have, if state law is inconsistent with federal law, then it's preempted. I mean, and so what I think Congress did was it said we are going to adopt all of state law, except to the extent it's inconsistent with the federal law. And that's what this court talked about in Roberts. That even though we have, if you look at Roberts, there's nothing about the text of 2210 that drove this court's decision there to find preemption. It really just applied garden-variety preemption principles, which was that you have a state law negligence claim, you have a standard of care under state law, but this court in Roberts said there's some federal regulations in this context dealing with an employee at a power plant, and those will supersede or displace the state law. And I don't think the Price-Anderson Act is any different. I think it's just like the Federal Courts Claim Act. In the Federal Courts Claim Act, there's certain provisions in there that, for example, with the timeliness of the claim, it may conflict with state law in certain instances under certain circumstances, and then you follow the federal law. There aren't any more questions on what I said. I wanted to briefly touch upon the extraordinary nuclear occurrence discovery rule argument that was in the brief. The defendant makes the argument that because Congress adopted a discovery rule for the statute of limitations when there is an extraordinary nuclear occurrence, which this case is not, then that means implicitly it rejected a discovery rule for ordinary nuclear incidents. We disagree. I think that you can't make an implicit argument when all you need to do is look at the plain text, and the plain text is Section 2014-HH, where Congress expressly adopted the law of the state where the nuclear incident occurred as the, quote, substantive rules for decision. The law of the state includes the statute of limitations, which comes in many shapes, sizes, and colors, depending on where the nuclear incident may have occurred in which of the 50 states. And so that's what Congress adopted. But the ordinary meaning of law of the state includes federal law, as we argue in our brief. It includes federal statutes. Thank you. I'll reserve the time for rebuttal. You'll have your full five minutes, Mr. Gowdy. We'll hear now from Mr. McNally. I'm sorry. May it please the court, Andrew McNally on behalf of Appalachian United Technologies. This case boils down to one simple question. Does Section 9658 of CERCLA apply to appellants' federal Price-Anderson Act claims? As both the district court and the Eighth Circuit have held, the answer is no. Based on its plain text, Section 9658 of CERCLA only applies to actions brought under state law. That means that the appellants' Price-Anderson Act claims, which are indisputably brought under federal law, fall outside the scope of CERCLA. Without the ability to resort to Section 9658, appellants' claims are time-barred under the operation of the Florida Statute of Limitations, a fact they do not dispute. Therefore, the court... Yes, you're on. Sorry. This is Robert Luck, and I apologize for fast-forwarding you, but what does brought under mean? I think in this case it means that the state... that the claim was brought under the law, as in it is the law, in this case a federal statute, that enables an individual to actually bring forward their claim. It is what gives the person the right to file the suit. So brought under means what? It means that you are... that the state... that the federal law in this case has enabled the claim. It is what has provided you the right to file suit. So brought under means enabled, so any action enabled by state law? I think it's when your ability to sue is enabled by state law or your ability to sue is enabled by federal law. Here, the appellant's ability to sue is only provided by the Price-Anderson Act because all of the state law tort claims are preempted. You would agree that the statute, the Circula statute, is unambiguous, correct? Yes. Where am I to unambiguously get that definition of ability to enable suit or enable by? Where does that come from? Where do I plainly look to that? I think it comes from the phrasing of the referring to the claim itself or to the civil suit, which looks to what has enabled you to bring the claim, and that is here, the Price-Anderson Act. I think even if that language is ambiguous, I think looking to the reasoning of Jones versus R.R. Donnelly on which... Well, counsel, before we get to Jones and if it's ambiguous, your position, as I understood it, is that it's not ambiguous. In other words, that it's unambiguous, and I'd like to know where I plainly get that from. Where am I to look that plainly it means enabled by or the ability to bring by state law? I mean, I think what you look at is the phrasing of Section 9658 itself, which references the action being brought under state law, referring to the civil claim just by the definition of action in commencing, brought to commence under state law. So I think... If brought under state law means the substantive law of the state, which is what your opposing counsel says that it means, then it would not support your position. So what I want to know is where do I get something to the contrary of that? Do I look to dictionaries? Do I look to a case that has definitively interpreted that term in this context? Tell me where I look for the plain and unambiguous meaning of what that means. Well, we cite dictionary definitions in our papers regarding... Right, you cite it with regard to action, but that's not really... That's part of the puzzle, but that's not all the pieces of the puzzle. You're missing a couple pieces, and that is the more complicated term of brought under, right? Well, I think brought is discussed in, I believe, the Merrill Lynch case that's cited in the papers as to commence, but I think the looking at the phrase action brought under, you do derive that from the plain text meaning. I would note, though, that the substantive law point that we would disagree with the notion that the substantive law here is... Although the substantive elements may be derived from state law, I think both the Seventh Circuit in O'Connor and the Third Circuit in TMI, as well as this circuit in Roberts, have all analyzed and noted that those elements of state law essentially form federal law for the purposes of a Price-Anderson Act claim. They are not properly considered as going forward as state elements. Counsel, you're sort of breezing over what I'm concerned about. I want to know what this means. If it means what your opposing counsel says, if you're agreeing to that, then we can discuss whether it truly is brought under the substantive law of the state, whether as interpreted as you've said or what the counsel says. But if it means something else, if it means capable or having commenced under state law or enabled by state law, then I just want to know where I get that from. I think, I mean, I think, as I've said, I think it comes from the text. I think it also comes from the Eighth Circuit's decision in Holbrook where the court analyzes the language and the nature of the claim and comes to the conclusion that a federal act, a federal claim in the Price-Anderson Act enabled by federal law is not brought under state law for the purposes of Section 9658, which, again, supports the plain text. If I can move forward to addressing, first and foremost, this argument that was presented by appellants in their paper, appellants, sorry, in their argument about this concept of the substantive law of the state being the driving factor of a Price-Anderson Act claim, I think that the appellant's argument misstates the precedent on this subject in several key respects. First, as this court held in Roberts v. Florida Power and Light, the Price-Anderson Act preempted the state law claims, replacing it with an exclusively federal cause of action for radiation injury in which substantive components of that cause of action, in that case, specifically the standard of care, which is essentially the beating heart of a tort claim, are derived expressly from the federal statutes and from federal law, not from state law. In addition, I think counsel has overstated the importance of state law elements in the Price-Anderson Act, and I think both the Seventh Circuit's opinion in O'Connor as well as the Third Circuit's opinion in Enright TMI address this point, that when you incorporate elements of the Price-Anderson Act claim, those elements of state law are really functioning as federal law, molded and shaped by the federal purpose of the regulatory regime. First, when you, counsel, when you say incorporating elements of state law, what's interesting is they've done more than that. Let's say for a normal tort, a negligence action, they've incorporated it in lock, stock, and barrel, haven't they? Not just elements, but all of it. I think it's less than all of it, as this Court's... Okay, what's the less? What's the less? In Roberts v. Florida Power and Light, one critical component of the state law tort claim would be the standard of care, and this Court held that the standard of care in standard tort claims is derived from federal law as opposed to, in that case, Florida state law, which is a substantial change. I mean, the standard of care is essentially the essential component of any tort claim because it's what determines whether the defendant's actions essentially were tortious or appropriate. Would there be any other element that would negligence into the PAA? I think it depends, Your Honor, on the specific claim. Here, I don't know that there is an additional one that comes to mind. I believe that the duty of care and the standard of care that are owed would be the primary ones that are driven by federal law here, but I believe that those are essential to any negligence claim. But that answer may change depending on a specific Price-Anderson Act claim and other elements of the Price-Anderson Act that aren't at play in Ms. Santiago's claim. Appellant's argument that the language of section 9658 is ambiguous, I think, is contrary to the plain text, but even if we accepted that argument that it's ambiguous, there are several points that still point to affirming the district court's decision in this case. First, applying the rationale of Jones, you would still conclude that the district court's decision was correct because it is the Price-Anderson Act that made possible the plaintiff's ability to sue here. There is no right to sue under any other law because the Price-Anderson Act completely preempted the state law claim. This isn't just a matter of jurisdiction stripping, I think, to go to Judge Marcus's question to the appellant. This is a matter of preempting the state law claims and replacing them with an exclusively federal cause of action. Second, I think that the interpretation provided by the district court is the only one that recognizes and is consistent with the structure of section 9658 itself. Under the district courts, as this court has often noted, the court applies the canon against surplusage. The appellant's interpretation of the statute effectively reads the phrase brought under state law out of the statute entirely, replacing it with the concept that section 9658 was designed to have a national standard. That's inconsistent with the express language of section 9658, which starts with a conditional phrase, i.e. Counsel, sorry, this is Robert Love. That's not true if the language of brought under is ambiguous. In other words, the premise of where you started is brought under or action brought under is ambiguous, meaning it could mean what opposing counsel is stating or it can mean what you're stating. And if it's ambiguous, if it means what he's stating, then it doesn't seem to be surplusage. What it states is for actions where the substantive law is there, the statute of limitations will be preempted under these circumstances, right? Well, so I think part of my disagreement is that is the characterization that this would be a claim substantively brought under state law as the appellants have stated. But the critical issue here is that it's not just brought under state law. And this is where I think it is important that the word action is there. It's that the claim is brought under state law, not just that there are state law elements or state law influences over the claim. And I don't think that's how it's Counsel, I think that that helps your textual argument. But again, the premise of where you just started this last point is that it is ambiguous. And if it is ambiguous, I don't see how it could be surplusage because ambiguity seems to suggest that that opposing counsel's reading is just as reasonable as your reading or plausible as your reading. Accepting that position, Your Honor, I think then the problem for the appellant is the one I just raised around the notion of what the substantive law is here in terms of the Price-Anderson Act, providing exclusively federal cause of action. But I would know that the appellant But if it's lock, stock and barrel, as my as my learned colleague said, then then it would seem to be at least the good chunk of substantive law from the state would be that which supports the claim. And even you just conceded that in certain cases, even the standard of care would come from state law. I don't believe I conceded that the standard of care would come from state law. In other cases, I believe that this court holding is that in Roberts versus Florida, power and might is that federal law dictates the standard of care. But I would but again, I would go back to the analysis from both the Seventh Circuit and the Third Circuit, that it's sort of backwards to think of these cases as arising under federal law here. Those elements of state law are supplying something to the federal regime, but they are molded in by the federal law. And as a result, they become part of the federal law for the purposes of the Price-Anderson Act claim. So I don't think that it is proper to say that this is a claim arising under or brought under state law consistent with the structure and the language of the Price-Anderson Act itself. In terms of Mr. Gowdy's last argument regarding the extraordinary nuclear occurrence, I'll only comment on that to say the following. His argument depends on the assumption that he is correct about the scope of Section 9658. Properly limiting that section to those claims brought under state law, Mr. Gowdy's argument about extraordinary nuclear occurrences does not prevail. Importantly, though, in crafting the Price-Anderson Act, Congress was aware of extraordinary nuclear occurrences. And yet, as the Tenth Circuit and the Eighth Circuit and the Sixth Circuit have all found, Congress deferred to states to supply the statute of limitations as written rather than to impose a discovery rule. With that, I believe that my time is up, and I would respectfully urge this Court to affirm the District Court's judgment. Thank you, Mr. McAnown. We'll hear now from Mr. Gowdy. You've got five minutes, Mr. Gowdy. Thank you, Your Honor. I want to pick up with what Judge Luck said. Brought under is ambiguous. I'll give a real-world example and then the Jones case from the U.S. Supreme Court. A real-world example. David brought me flowers. Daniel brought havoc upon his enemies. David is carrying the flowers. Daniel is creating the havoc. What happens here is the Eighth Circuit, it didn't adopt the enabling test, but I'll say it adopted the creation test. Those are the words used in the opinion. And that is the test that Justice Holmes gave us for construing Section 1331 Federal Question Jurisdiction. And what the Jones case teaches us when construing the similar words arise under is that those jurisdictional tests are inappropriate and this statute of limitations. Counsel, let me break it down a little bit. This is Robert Luck. Obviously, brought or bring is not carried in this case. You would agree, right? Right. And yes, I didn't mean to make that. I meant to point out that the... No, no. Your point is that words can mean two different things, and I understand that. But obviously, it would more likely mean the second definition that you stated, the brought havoc, as opposed to the first one. Secondly, what does under mean? Doesn't under have a specific use generally in this context? Okay. Well, I think that brought under together means that we look at what body of law is providing the substantive law. How can we say brought under is talking about body of law when A is modifying action? But even putting that aside, please answer my question. What does under generally mean? When we use under, what are we substituting that for? Well, in the legal context, we generally mean that it's under a body of law. It's that a body of law, whether it arises under federal law or arises under state law. The word arise is not here, but don't we normally mean pursuant to when we say under something? I think that's another word, yes. Pursuant to, yes. That's another phrase, I should say. I think if you looked at Black's Law, you would see that under is... In fact, I think it cross-references pursuant to, especially during the 1986 around when this was enacted. But if that's the case, then aren't we talking about an action that is, as you stated, is a second definition of brought, not carried, but that's pursuant to the state law? So if we're talking about any action which is brought, meaning anything, any cause of action that's pursuant to state laws, aren't we referring to a cause of action as opposed to a body of law? No, I don't agree. And I think the ambiguity here requires the court to look at historical context, as we've pointed out in the brief, and that's not the same as legislative history. But counsel, we don't look at historical context to create ambiguity. We only get to historical context if we find ambiguity in the language. Isn't that how it's done? Well, I've seen courts do it both ways, but I understand your honor's point. I believe that there is ambiguity, though, in the phrase brought under for the reasons I just gave you, that it's not a clear... And I would point the court to the Jones case, which we did not cite for the made possible test, but we cited for purposes of showing there was an ambiguity. In Jones, they found a rise under was ambiguous, your honor. So I don't see how you can find that brought under is clear if in Jones they found a rise under is ambiguous. And so then I think you do have to look at the historical context and the report that seven justices of the U.S. Supreme Court, including Justice Scalia and Thomas, relied upon in the Waldenberg case. They joined that opinion. We're not citing it because some congressman got up and said something, but we're citing it for what the legal landscape was at that point in time. So like my beginning example, if I'm at a zoo, I might see a construction crane, but I'm more likely to see a bird. And that's what I mean by the crane is running. I see my time is expiring. I'll take more questions if the panel wants to. Otherwise, I will conclude and ask the court to reverse. I don't hear any questions. We appreciate it, Mr. Gowdy, and that case was well argued on both sides. We appreciate the attorney's efforts and the manner in which they presented it. We'll take that and the Benjamin case under submission. We have another case on the docket today, but it's submitted on the briefs. So with that in mind, we're going to recess or stand adjourned until tomorrow morning.